Eon **SHEPHERD,** Plaintiff–Appellant,

v.

Supt. **HOGAN,** Superintendent Auburn Correctional Facility; Sergeant Cox, Sgt. at Auburn Correctional Facility; Estate of Deputy Dann, Defendants–Appellees.

No. 04–4047–pr.

United States Court of Appeals, Second Circuit.

May 18, 2006.

David A. O'Neil, Wilmer Cutler Pickering Hale and Dorr LLP (Douglas Curtis, Erin G. Holt, on the brief), New York, New York, for Plaintiff–Appellant.

Julie S. Mereson, Assistant Solicitor General (Eloit Spitzer, Attorney General of the State of New York, Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), Albany, New York, for Defendant–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Eon Shepherd ("Shepherd"), a prisoner at the Auburn Correctional Facility, appeals from a July 14, 2004 judgment of the United States District Court for the Northern District of New York (Sharpe, J.), adopting the report and recommendation of Magistrate Judge Gustav J. DiBianco. Shepherd brought an action pursuant to 42 U.S.C. § 1983 claiming that defendant-appellee Sergeant Richard Cox ("Cox"), a corrections officer employed at Auburn, had violated his rights under the Eighth Amend-

ment to the United States Constitution by acting with deliberate indifference to the serious medical harms arising from Shepherd's involuntary exposure to environmental tobacco smoke ("ETS"). The district court granted summary judgment to Cox.[1]

We review orders granting summary judgment *de novo*, resolving all ambiguities and drawing all factual inferences in favor of the nonmoving party. *Davis v. New York*, 316 F.3d 93, 100 (2d Cir.2002). To show that a prison official has violated the Eighth Amendment, a prisoner must demonstrate that (1) objectively, the conditions of confinement posed "a substantial risk of serious harm," and (2) that the prison official was "deliberate[ly] indifferent" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal citations and quotation marks omitted).

### I. Objective Prong: Substantial Risk of Serious Harm

■ On the first prong, the district court concluded that, even accepting Shepherd's proffered evidence on this point, the evidence was an insufficient basis for a reasonable juror to conclude that Shepherd was exposed to "unreasonably high" levels of ETS. This was incorrect. It is true that some exposures to ETS are brief enough not to violate the Eighth Amendment. See *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir.2004) (affirming a district court's finding that three brief encounters with second-hand smoke were insufficient to state a constitutional claim). But if Shepherd's evidence were accepted as true, a reasonable juror could conclude that he was imprisoned in close quarters with a chain smoker for more than a

month. Even if Shepherd often left his cell during the day, as the State alleges, he shared a confined space with a chain smoker at night and for a period of several days of "keeplock." The prison's own policies indicate that this is inappropriate treatment, and the prison's grievance committee so concluded. These facts support the conclusion that the risk Shepherd allegedly suffered was "not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

We note that Shepherd also alleged that he had experienced a number of medical problems as a result of his ETS exposure, although this allegation was not necessary for him to prevail. A future risk can suffice to constitute a substantial risk of serious harm, even if an inmate experiences no present symptoms. *Smith v. Carpenter*, 316 F.3d 178, 188 (2d Cir.2003) (noting that "an Eighth Amendment claim may be based on a defendant's conduct in exposing an inmate to an unreasonable risk of future harm and ... actual physical injury is not necessary in order to demonstrate an Eighth Amendment violation."). Accordingly, Shepherd's claims are sufficient under the objective prong of the Eighth Amendment.

### II. Subjective Prong: Deliberate Indifference

■ On the subjective prong, the district court concluded that "nothing in the record shows that Cox was deliberately indifferent to [Shepherd's] health and safety." Our review of this conclusion is hampered by the fact that we do not have a record of the apparently limited discovery that was afforded to Shepherd, who appeared *pro se* in the district court, on

---

**1.** Defendants "Supt. Hogan" and "Estate of Deputy Dann" are no longer parties to this case.

this question, which was raised for the first time in the motions for summary judgment. The record must be developed further before a fully-informed decision concerning the deliberate indifference question may be made. In order to be entitled to a jury trial, Shepherd must proffer evidence from which a reasonable juror could infer that (1) Cox was subjectively aware of the seriousness of Shepherd's situation, and (2) Cox had the ability to take some action that would have significantly alleviated Shepherd's ETS exposure. *See LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir.1998) (noting that officials were deliberately indifferent insofar as they "knew of the health dangers and yet refused to remedy the situation").

On the question of Cox's subjective awareness, Shepherd provides evidence that he informed Cox that he was experiencing breathing complications, because ETS was aggravating his asthma. A reasonable juror crediting this evidence could find that Cox was aware of the seriousness of Shepherd's condition. On appeal, Shepherd also argues that the seriousness of his condition would have been evident to Cox based on the urgency and desperation with which he made the appeal. The record, however, is devoid of evidence regarding the manner in which he communicated his concerns to Cox. Other potentially relevant details too are missing; the record does not give us a clear picture of Shepherd's allegations as to when he made the complaint to Cox, how long and detailed their conversation was, or whether Cox asked any questions in an effort to better understand the situation. Further development of the record on these questions is therefore required.

On the question of Cox's ability to remedy Shepherd's situation, two issues require further development of the record, through additional discovery if necessary. First, the district court must develop the record concerning whether a reasonable juror might conclude that Cox's responsibility for "the custody, security and general well-being of inmates in an assigned area of a facility" gave him the ability to order a transfer in some circumstances and whether the circumstances disclosed by Shepherd to Cox, or evidenced to Cox through his interactions with Shepherd, could be found by a reasonable juror to constitute such circumstances.

Second, whether or not Cox himself had the authority to arrange a transfer, the district court must develop the record concerning Cox's obligation to report all complaints of illness. The prison employee manual required that "[w]henever an inmate reports being ill or injured or it is apparent that he is ill or injured, it is the duty of an employee to take appropriate action and immediately notify his supervisor *and* facility medical staff." (emphasis added). Thus, it appears that whether or not an employee credited a prisoner's medical complaint, he was required to notify both his supervisor and medical staff. Cox did neither. The district court should also develop the record concerning whether a reasonable juror could infer that proper notification would have resulted in a significant alleviation of Shepherd's exposure to ETS.[2]

Finally, we note that because personal involvement for purposes of 42 U.S.C. § 1983 can be established by showing that

2. We note that once Deputy Superintendent Dann was informed of Shepherd's situation, he transferred Shepherd out of the cell in a matter of days, which could suggest to a rea- sonable juror that Dann would have acted with similar promptness had Cox notified him of Shepherd's complaint.

"the official exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring," *see Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 255 (2d Cir.2001), it appears that Shepherd will have satisfied this requirement if he satisfies his burden under the subjective prong of the Eighth Amendment analysis.[3]

### III. Conclusion: Remand for Further Development of the Record

For the foregoing reasons, the judgment of the district court is hereby VACATED and the case REMANDED for further proceedings consistent with this order. Pursuant to the procedure utilized in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994) (holding that 28 U.S.C. § 2106 authorizes "issuance of a mandate specifying the conditions for the automatic restoration of appellate jurisdiction"), upon letter to the Clerk of this Court within 30 days of the entry of a new judgment, jurisdiction will automatically be restored to this appellate panel without a new notice of appeal.

---

[3]. We also note this Circuit's holding in *Warren v. Keane*, 196 F.3d 330 (2d Cir.1999), that it is "clearly established that prison officials [can] violate the Eighth Amendment through deliberate indifference to an inmate's exposure to levels of ETS that pose[ ] an unreasonable risk of future harm to the inmate's health" and that qualified immunity is therefore inappropriate as to such claims. *Id.* at 333.